# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.: 13-cv-9281 |
| v. | ) ) | Judge: Jorge L. Alonso |
| BLACKWELL ENTERPRISES, INC., an Oklahoma corporation, | ) ) ) | Magistrate Judge: Jeffrey T. Gilbert |
| Defendant. | ) ) | |

**CONSENT JUDGMENT**

**WHEREAS,** Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Arthur H. Bunte, Jr., trustee, filed their Complaint in this action on December 30, 2013; and

**WHEREAS,** Defendant, Blackwell Enterprises, Inc. ("Blackwell"), filed its Answer to Plaintiffs' Complaint on March 21, 2014; and

**WHEREAS,** the parties consent and stipulate to the entry of judgment against Blackwell and in favor of the Fund and Arthur H. Bunte, Jr., as set forth below;

**NOW THEREFORE,** the parties consent and stipulate to and the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), and venue properly lies in this Court.

2. The Fund alleges that during all relevant times, the International Brotherhood of Teamsters and the Pipe Line Contractors Association were parties to a collective bargaining agreement known as the National Pipe Line Agreement, to which Blackwell was a

signatory. Pursuant to that agreement, the Fund alleges that Blackwell was required to contribute to the Fund on behalf of certain of its covered employees.

3. The Fund alleges that on or about December 30, 2012, Blackwell permanently ceased to have an obligation to contribute to the Fund and/or permanently ceased all covered operations.

4. The Fund further alleges that, on or about December 30, 2012, Blackwell effected a "complete withdrawal" as defined in 29 U.S.C. § 1383.

5. As a result of this alleged complete withdrawal, Blackwell incurred withdrawal liability to the Fund in the principal amount of $841,039.61, as determined under 29 U.S.C. § 1381(b).

6. On or about March 15, 2013, Blackwell, through its president Robert D. Blackwell, received a notice and demand for payment of the withdrawal liability that the Fund issued in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

7. On or about April 18, 2013, Blackwell, through Robert D. Blackwell, received a notice from the Fund that Blackwell's withdrawal liability payments were past due.

8. Blackwell did not make any payments towards the withdrawal liability and, as a result, fell into default under 29 U.S.C. § 1399(c)(5)(A).

9. Further, the Fund alleges that Blackwell did not timely initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Consequently, the full principal amount of the withdrawal liability is due and owing pursuant to 29 U.S.C. § 1401(b)(1).

10. In addition to the principal amount of the withdrawal liability, the Fund is also entitled to recover interest on the withdrawal liability, liquidated damages, costs, and attorneys' fees pursuant to sections 29 U.S.C. §§ 1132(g)(2) and 1451(b).

11. The damages required by 29 U.S.C. § 1132(g)(2), made applicable to cases involving withdrawal liability pursuant to 29 U.S.C. § 1451(b), are mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). More specifically, the liquidated damages awarded under MPPAA "are something that an employer must pay as a penalty for refusing to follow the statutory procedure for challenging assessments of withdrawal liability." *Cent. States, Se. & Sw. Areas Pension Fund v. Lady Balt. Foods, Inc.*, 960 F.2d 1339, 1347 (7th Cir. 1992).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

A. That Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., Trustee, have and recover judgment from and against Defendant Blackwell Enterprises, Inc. in the total amount of $1,194,263.17. This amount consists of $841,039.61 in delinquent withdrawal liability, $161,771.64 in pre-judgment interest through November 14, 2016, $168,207.92 in liquidated damages, $400.00 in costs for prosecuting this suit, and $22,844.00 in attorneys' fees.

B. That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

[Judgment continues on next page.]


    C.    That Plaintiffs are awarded execution for collection of the judgment.

| APPROVED: | APPROVED: |
|---|---|
| */s/ Andrew J. Herink* | */s/ with consent of Eric D. Field* |
| Andrew J. Herink (ARDC #6303510) | Eric D. Field |
| Attorney | Attorney |
| Central States Law Department | Akin Gump Strauss Hauer & Feld LLP |
| 9377 West Higgins Road | 1333 New Hampshire Avenue, N.W. |
| Rosemont, Illinois 60018-4938 | Washington, DC 20036 |
| (847) 939-2458 | (202) 887-4146 |
| aherink@centralstatesfunds.org | efield@akingump.com |
| | |
| Counsel for Plaintiffs | Counsel for Defendant |
| | |
| Date: November 14, 2016 | Date: November 14, 2016 |

ENTERED:

United States District Judge